PARKER, Judge.
Thomas Vincent Waugh appeals an order denying his motion for postconviction relief. The trial court summarily denied Waugh’s motion based upon the state s response to Waugh’s motion. We reverse.
Waugh alleged fourteen grounds for relief in his motion. Some of his allegations are grounded upon a claim of ineffective assistance of counsel for various failures such as not investigating Waugh’s arrest, not obtaining independent fingerprint analysis, not challenging the failure of the arresting officer to honor a request for counsel, and not locating and deposing a defense witness.
We are compelled to reverse because the trial court’s order denying Waugh’s motion sets out no findings and only attaches the state’s response to Waugh’s motion. A review of the state’s response reflects that it sets forth answers to Waugh’s allegations but attaches no record support in its responses. For example, the state mentions a Motion to Suppress Detainer and Identification but attaches neither the document nor a transcript of the hearing. As to the potential defense witness, the state attorney stated, with no supporting documentation, “[djespite due diligence on the part of Counsel, said witnesses were not located.” The state attorney also alleged that the defense attorney was not ineffective because of the defense strategy utilized at trial but again failed to attach record support which set forth that strategy.
We reverse and remand this case to the trial court. The trial court again may deny Waugh’s motion provided the trial court’s order contains adequate attachments to support the denial. See Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983). Otherwise, Waugh is entitled to an evidentiary hearing to address his allegations.
FRANK, C.J., and PATTERSON, J., concur.